CLARENCE BONYNGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93625.   Promulgated January 16, 1940.

*LeRoy B. Iserman, Esq.*, for the petitioner.
*Z. N. Diamond, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency · of $3,855.22 in petitioner's income tax for 1935, disallowing a deduction taken for a bad debt of $20,000 which the Commissioner held was ascertained to be worthless in 1934.

The facts were all stipulated. Briefly stated, it appears that petitioner's son had had financial difficulties beginning in 1929, and petitioner was required to guarantee his account with a broker. The son at different times gave time notes to petitioner maturing in different years. The son apparently was unable to get a new foot-

hold. Some of his notes matured in 1934 and petitioner deducted them as debts ascertained to be worthless. The Commissioner allowed the deduction. In the following year, 1935, the year in question, petitioner deducted the full amount of a $20,000 note which became due in that year. The Commissioner disallowed the deduction, and said in the notice of deficiency:

The evidence discloses that your son had assets in excess of $100,000.00 when you guaranteed his account and that the various activities and prospects of your son during the years 1930 to 1933, inclusive, warranted your belief until the end of 1933 that you would be repaid; that your son lost all his property by reason of the collapse of the stock market and that in the year 1934 when demand was made for payment of the notes becoming due during that year he was entirely without property with which to pay the notes.

In view of the above this office is of the opinion that the bad debt of $20,000.00 representing the note becoming due in 1935 was ascertained to be worthless in 1934 and that the deduction may not be postponed until 1935 merely because the notes evidencing the indebtedness did not become due until 1935. (See Income Tax Ruling 2194, Cumulative Bulletin IV-2, page 159 and the decision of the United States Board of Tax Appeals in the case of Robert Smith Corporation, 21 B. T. A., page 1400).

The stipulation says as to each of the notes due in 1934 that petitioner made demand and that "by reason of his financial condition the son was unable to pay the notes and petitioner was unable to enforce collection." As to the note in question, it is stipulated:

On January 11, 1935, the note for $20,000, dated January 11, 1932, * * * became due, demand for payment thereof being then made by petitioner. The son was unable to pay the note.

* * * * * * *

the financial condition of the son under which the notes maturing in 1934 were ascertained to be worthless continued throughout the calendar year 1935 without change. * * *

From this it appears that the petitioner was unable in 1934 to collect the note due in that year because of the maker's financial inability to pay, and the Commissioner has determined that the note due in 1935 was ascertained to be worthless in 1934. It is not shown that in fact the note due in 1935 was not worthless or was not ascertained to be worthless in 1934 or that reasonably it could not have been so ascertained. It is a fair inference that the worthlessness was apparent in 1934. The fact that the debtor's financial condition made it impossible for him to pay the earlier note in 1934 and that the petitioner knew this when he attemped in 1934 without success to enforce collection supports the Commissioner's determination that the later note due in 1935 was equally worthless in 1934.

This is not to declare a rule that the worthlessness of a debt maturing in 1934 is conclusive evidence of the worthlessness of debts which may not mature until a later year; for there may be room for a reasonable hope of financial improvement of the debtor before the

later note becomes due. On the other hand, however, the lack of maturity of the later note does not preclude such a determination of worthlessness in an earlier year, *Avery* v. *Commissioner*, 22 Fed. (2d) 6, and if the determination is made either by the Commissioner, with a presumptive knowledge of the facts, or by the taxpayer, with proven knowledge of supporting facts, the worthlessness of the later note before maturity may reasonably be found, *Robert P. White*, 4 B. T. A. 995; *Robert Smith Corporation*, 21 B. T. A. 1400; and *Anna Bissell*, 23 B. T. A. 572. In the present case, to sustain the petitioner and reverse the respondent's determination the Board would need a finding of fact supported by evidence that the note due in 1935 was in fact ascertained to be worthless in that year and not in 1934 as the Commissioner has held. The stipulated facts do not support such a required finding, and the Commissioner's determination must, therefore, be sustained.

Reviewed by the Board.

*Decision will be entered for the respondent.*